UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jessica Joyce<br>220 Robbins Street<br>Apartment 5<br>Philadelphia, PA 19111 | :<br>:<br>:<br>: |
| Plaintiff, | : NO.: |
| v. | : |
| Giant Food Stores, LLC<br>d/b/a Ahold U.S.A., Inc.<br>1149 Harrisburg Pike<br>Carlisle, PA 17013 | :<br>:<br>:<br>: |
| And | : |
| Giant Food Store<br>d/b/a Giant Food Stores, LLC<br>2550 Grant Ave<br>Philadelphia, PA 19114 | :<br>:<br>:<br>: |
| And | : |
| Ahold U.S.A., Inc.<br>d/b/a Giant Food Stores, LLC<br>1149 Harrisburg Pike<br>Carlisle, PA 17013 | :<br>:<br>:<br>: |
| And | : |
| Dan Gana<br>d/b/a Giant Food Stores, LLC<br>1149 Harrisburg Pike<br>Carlisle, PA 17013 | :<br>:<br>:<br>: |
| And | : |
| David Goodyear<br>d/b/a Giant Food Store, LLC<br>1149 Harrisburg Pike<br>Carlisle, PA 17013 | :<br>:<br>:<br>: |
| And | : |

| | |
|---|---|
| Samantha Peters<br>d/b/a Giant Food Store<br>2550 Grant Ave<br>Philadelphia, PA 19114<br><br>And<br><br>John Does, 1-10<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>: |

## CIVIL ACTION COMPLAINT

### 1. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this District.

### II.  Parties

3. Plaintiff, Jessica Joyce, is an adult individual residing at the above-captioned address.

4. with a principal place of business at 2550 Grant Ave, Philadelphia, PA 19114 and registered offices at the above-captioned address.

5. Defendant, Giant Food Stores, LLC, is a limited liability company organized and doing business under the laws of the State of Delaware and at all times material hereto was in the business of ownership, possession, operation, control and

maintenance of food supermarket stores located at 2550 Grant Ave, Philadelphia, PA 19114.

6. Defendant, Ahold U.S.A., Inc. is a corporation organized and doing business under the laws of the State of Pennsylvania and at all times material hereto was in the business of ownership, possession, operation, control and maintenance of Giant Food Stores, LLC.

7. Defendant, Dan Gana, is an adult individual employed by Giant Food Stores, LLC at above-captioned address.

8. Defendant, David Goodyear, is an adult individual employed by Giant Food Stores, LLC at the above-captioned address.

9. Defendant, Samantha Peters, is an adult individual employed by Giant Food Store at the above-captioned address.

10. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiff hereunder.

### III. Operative Facts

11. In or around February 2014, Plaintiff started working for Defendant, Giant Food Store, as a cashier for approximately eight dollars and seventy cents ($8.70) per hour.

12. Plaintiff has a medical condition, Hashimoto's thyroiditis, which requires her to drink a lot of water and frequently use the bathroom.

13. Plaintiff notified the shift manager, as well as provided a medical note.

14. On or around September 19, 2014, Plaintiff filed a complaint with Defendant, Dan Gana, the general manager of Giant Food Store located at the above-captioned address. The Complaint provided that Plaintiff had worked eight and a half (8.5) hours straight without a bathroom break. Plaintiff further alleged that a shift manager, Defendant, Samantha Peters, had been harassing her.

15. On more than one occasion, Defendant, Samantha Peters spoke to Plaintiff in a distained tone and restricted her from using the bathroom.

16. After reporting the incidents to Dan Gana, nothing was remedied.

17. Upon information and belief, Dan Gana has received other complaints regarding harassment at the Giant Food Store located at the above-captioned address.

18. In or around November 2014, Plaintiff was assigned to the cashier position at Giant's gas station.

19. While working as a cashier, Plaintiff was not permitted to take a bathroom break for six and half (6.5) hours.

20. As a result of being denied a break, Plaintiff had an accident, whereupon she urinated in her pants.

21. Plaintiff had to walk to the public bathroom to clean herself up and was humiliated. Both her peers and co-workers observed the incident.

22. On or around November 4, 2014, Plaintiff filed another complaint with Dan Gana explaining the incident and addressing the bathroom break situation.

23. In response, Dan Gana along with David Goodyear, human resources, decided to transfer Plaintiff to another store. Dan Gana and David Goodyear also paid Plaintiff for a week of work.

24. The shift managers and general managers were on notice of Plaintiff's medical condition, but failed to remedy the situation.

25. As a result of Defendants' misconduct, Plaintiff was severely humiliated and embarrassed.

26. As a direct and proximate cause of Defendants' misconduct, Plaintiff suffered and may continue to suffer (permanently) severe panic attacks and will continue to suffer emotionally and physically.

## COUNT I
## Intentional/Negligent Infliction of Emotional Distress

27. Plaintiff incorporates the preceding paragraphs as fully set forth herein at length.

28. The conduct noted in the allegations set forth in the general averments, specifically, the bathroom break procedures with knowledge of Plaintiff's medical condition, constituted extreme negligent and outrageous conduct.

29. As a direct and proximate result of the said conduct, Plaintiff has suffered great physical pain, agony, inconvenience, embarrassment, mental anguish, mental suffering, emotional distress, anxiety and humiliation and she has been informed and verily believes that, by reasons of the said injuries, she will continue to suffer considerable pain, agony, inconvenience, embarrassment, mental anguish, mental suffering, emotional distress, anxiety and humiliation for the rest of her life; that her general health, strength and vitality have been permanently impaired to their great loss and damage.

## COUNT II
## 42 U.S.C.A. § 12101, et seq. - American with Disabilities Act

30. Plaintiff incorporates the preceding paragraphs as fully set forth herein at length.

31. Defendants were aware of Plaintiff's disability and did not provide Plaintiff with reasonable accommodations.

32. Plaintiff suffered discrimination and harassment because of her aforementioned disability.

33. Plaintiff suffered harm due to Defendants' misconduct.

## COUNT III
## 43 P.S. §260, et seq. - Pennsylvania Wage and Payment Collection Law

34. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

35. At all times material, Plaintiff was employed by Defendants, as defined within the Act.

36. The foregoing conduct by Defendants constitutes a violation of the Pennsylvania Wage and Payment Collection Law, 43 P.S. §260, et seq.

## COUNT IV
## 29 U.S.C. §201, et seq. – Fair Labor Standards Act

37. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

38. At all times material, Defendants employed Plaintiff.

39. At all times material, the work Plaintiff performed for Defendants was engaged in services for commerce.

40. As set forth above, Defendants failed to pay Plaintiff's raised wages as required by law.

## COUNT V
## 42 U.S.C. §1981(a), et seq.

41. Plaintiff incorporates the forgoing paragraphs as if fully set forth at length herein.

42. Plaintiff is a member of a class protected by 42 U.S.C. § 1981.

43. The conduct of Defendants, its agents and employees, constitutes unlawful discrimination against Plaintiff on the basis of disability, in violation of 42 U.S.C. §1981(a), et seq.

44. Plaintiff suffered harm due to Defendants' conduct.

WHEREFORE, Plaintiff demands judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), statutory, punitive, compensatory damages, injunctive relief together with interests and costs and other such further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

WEISBERG LAW

Matthew B. Weisberg, Esq.
Chad B. Gordon, Esq.
Attorneys for Plaintiff